IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CASE NO. 4:05cr29(6) |
| | § | APPEAL NO. 06-40941 |
| JOSE GUADALUPE VILLALON | § | |

**MEMORANDUM OPINION AND ORDER**

On April 27, 2006, this court entered judgment against Defendant Jose Guadalupe Villalon. The Defendant submitted an undated *pro se* notice of appeal that is stamped as filed on May 19, 2006. The final day for filing a timely notice of appeal was May 11, 2006.

Rule 4(b)(1) of the Federal Rules of Appellate Procedure affords a criminal defendant ten (10) days in which to file a notice of appeal. Pursuant to Rule 4(b)(4) of the Federal Rules of Appellate Procedure, a district court may grant an additional thirty (30) days in which to file a notice of appeal upon a finding of excusable neglect or good cause. Since Villalon filed his notice of appeal within the additional thirty (30) day period, the Fifth Circuit remanded the case to this court on July 11, 2006 for a determination of whether the untimely filing of the notice of appeal was due to excusable neglect or good cause. This court subsequently entered an order on July 21, 2006, directing Villalon to file an affidavit with the court by August 8, 2006 explaining whether the untimely filing of his notice of appeal was due to excusable neglect or good cause.[1]

Thereafter, the court received Villalon's explanation for the untimely filing of his notice of

---

[1] The court notes that its July 21, 2006 order was originally mailed to Villalon at the Bowie County Jail. However, Villalon was transferred from the Bowie County Jail to FCI Seagoville and, therefore, did not receive this court's order. The order was subsequently mailed to Villalon at FCI Seagoville on August 7, 2006. Villalon, however, did not receive this court's order until August 21, 2006.

appeal. Villalon stated that he informed his trial counsel, Neil Durrance,[2] that he wanted to file a notice of appeal. Additionally, Villalon stated that Durrance informed him that Durrance would file Villalon's notice of appeal. Villalon finally stated that he received a letter from Durrance in May 2006 that Durrance would not be filing a notice of appeal on Villalon's behalf because Durrance did not believe that Villalon had any meritorious issues to raise on appeal. After receiving the letter from Durrance, Villalon filed a *pro se* notice of appeal with the assistance of another inmate.

Villalon's explanation appeared to raise the issue of ineffective assistance of counsel. As such, the court ordered counsel for the Defendant, Neil Durrance, to file an affidavit with the court by September 8, 2006, responding to Villalon's allegations.

On September 8, 2006, Durrance filed an affidavit in response to this court's order. Durrance averred that Villalon entered into a plea agreement in this case. Durrance further averred that he subsequently filed an objection to that portion of the pre-sentence report which failed to designate Villalon as a minimal / minor participant in the conspiracy to which Villalon entered a plea of guilty. The court overruled the objection. Durrance advised Villalon that the only ground for appeal concerned the court's ruling on the objection to the pre-sentence report. Durrance averred that Villalon asked Durrance to file a notice of appeal. Durrance averred that while preparing the notice of appeal, he reviewed the terms of the plea agreement. Durrance stated that the "denial of the objection of being a minor / minimal participant was not the proper basis for appeal as it had been previously waived by the Defendant in the Plea Agreement." Aff. of Neil Durrance, p. 2, ¶ 4. Upon reaching this conclusion, Durrance averred that he prepared and forwarded a letter to Villalon,

---

[2] The Defendant refers to his trial counsel as "Mr. O'Neil." However, Neil Durrance was the Defendant's trial counsel.

2

explaining that Villalon had waived his sole ground for appeal; accordingly, Durrance advised Villalon that he would not be filing a notice of appeal.

In *Pioneer Investment Services, Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), the United States Supreme Court established the following factors to determine excusable neglect:

> Because Congress has provided no other guideposts for determining what sorts of neglect will be considered "excusable," we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding that party's omission. These include, as the Court of Appeals found, the danger of prejudice [ ], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Pioneer*, 113 S.Ct. at 1498 (footnotes omitted).[3]  However, ignorance of the rules or mistakes construing the rules typically do not constitute excusable neglect or good cause. *See United States v. Clark*, 51 F.3d 42, 43-44 (5th Cir. 1995), citing *Pioneer*, 113 S.Ct. at 1496.

An attorney acts in an unprofessional manner if he disregards specific instructions from his client to file a notice of appeal. *Roe v. Flores-Ortega*, 120 S.Ct. 1029, 1031 (2000). An attorney has a duty to consult with his client when there is reason to believe that the client wants to appeal or the client demonstrates an interest in appealing. *Id*. A defendant must inform his counsel of his desire to appeal. *Childs v. Collins*, 995 F.2d 67, 69 (5th Cir. 1993). If a defendant expresses a desire to appeal and his counsel subsequently fails to file an appeal, then it could be said that the counsel's representation was deficient. *United States v. Guerra*, 94 F.3d 989, 994 (5th Cir. 1996).

---

[3]Although *Pioneer* involved a bankruptcy action, the Fifth Circuit determined that "*Pioneer* controls determinations of excusable neglect under Rule 4(b)." *United States v. Clark*, 51 F.3d 42, 44 (5th Cir. 1995).

Here, it is undisputed that Villalon informed his counsel of his desire to appeal. Durrance argues, however, that Villalon waived his right to appeal. In support of his argument, Durrance references the following provision contained in the plea agreement:

> 11. **WAIVER OF RIGHT TO APPEAL OR OTHERWISE CHALLENGE SENTENCE:** Except as otherwise provided herein, Defendant expressly waives the right to appeal his conviction and sentence on all grounds. Defendant further agrees not to contest his sentence in any post-conviction proceeding, including, but not limited to a proceeding under 28 U.S.C. § 2255. Defendant, however, reserves the right to appeal the following: (a) any punishment imposed in excess of the statutory maximum and (b) a claim of ineffective assistance of counsel that affects the validity of the waiver itself.

The Fifth Circuit, however, recently determined that a waiver of appeal is enforceable to the extent that the **Government** invokes the waiver provision contained in the plea agreement. *United States v. Story*, 439 F.3d 226, 231 (5th Cir. Feb. 2, 2006). In the absence of an objection by the Government to a defendant's appeal based on an appeal waiver, the waiver is not binding because the Government waived the issue. *Id*. Here, then, it follows that Villalon's appeal waiver would only be valid if the Government sought to invoke the same. However, this appeal has not yet progressed to the point at which the Government has had an opportunity to invoke Villalon's waiver of his right to appeal. In screening this case to determine jurisdiction, the Court of Appeals has remanded the case to the district court simply to determine whether the notice of appeal was timely filed. The Government has not yet taken a position on whether it will object to the appeal based upon Villalon's waiver. Hence, Durrance should have gone ahead and filed the notice of appeal. Accordingly, Durrance's argument lacks merit. Thus, it appears to the court that Durrance prematurely concluded that the Government would invoke Villalon's waiver of his right to file an appeal. In light of the fact that Villalon was only eight (8) days late in filing his notice of appeal, the

court finds that it is unlikely that the Government will suffer prejudice from this relatively short delay. Villalon, however, may be greatly prejudiced by the court's disallowance at this time of his appeal. Although the notice of appeal should have been timely filed, Villalon's failure to do so is excusable. FED. R. APP. P. 4(b)(4). It is, therefore,

**ORDERED** that the Clerk of this Court shall return this case to the Fifth Circuit Court of Appeals for further proceedings.

        **SIGNED this the 28th day of September, 2006.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE